UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

RONALD L. ALLEN, TDOC #356042   )
                                )
v.                              )   No. 2:06-CV-98
                                )
TOMMY MILLS, Warden             )

### **MEMORANDUM and ORDER**

Ronald L. Allen brings this *pro se* petition and supplemental petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his confinement under a 2003 state court judgment of conviction for rape of a child. [Docs. 1, 5]. Four motions are pending, including the respondent's combined motion to dismiss and motion for summary judgment. [Docs. 10, 17, 18]. For the reasons below, the Court will address only the motion to dismiss in this order. [Doc. 10].

I. **Motion to Dismiss**

The petitioner alleges three claims for relief: 1) that he received ineffective assistance of counsel; 2) that one Brian Rice "lied about everything;" and 3) that the prosecution represented that the petitioner gave the victim a sexually transmitted disease. The respondent's motion to dismiss involves only the ineffective-assistance claim, which he maintains should be dismissed on one of two somewhat contradictory procedural grounds—either procedural default or lack of exhaustion.[1] The lack-of-exhaustion issue

---

[1] The respondent has implied asserted a lack-of-exhaustion defense by alleging that,
(continued...)

alone will be discussed.

## II. Respondent's Supporting Arguments

The respondent points out, correctly, that the petitioner has alleged a claim of ineffective assistance of counsel in his habeas corpus petition; that he presented such a claim in his *pro se* post-conviction petition; that the petition was dismissed as untimely; and that the petitioner did not appeal from this adverse ruling. The respondent maintains that, arguably, there is a state court remedy yet available the petitioner to challenge what would appear to be an improper dismissal of his *pro se* post-conviction filing.[2] The respondent indicates that, under Rule 4(a) of Tennessee Rules of Appellate Procedure, the state appellate court has the discretion to grant a waiver of the 30-day time-limit for filing a notice of appeal, as illustrated in *Anderson v. State*, 2003 WL 2002092 (Tenn. Crim. App. April 30, 2003) (unpublished).[3] He proposes that the circumstances in this case might persuade the

---

[1](...continued)
possibly, the petitioner has a remedy available in the state courts through which he could present his claim.

[2] The trial court entered its order dismissing the post-conviction petition on February 6, 2006, citing to the post-conviction statute, which sets a filing deadline of one year from the date of the final action of the highest state appellate court to which an appeal is taken. *See* Tenn. Code. Ann. § 40-30-202(a). However, the Tennessee Supreme Court did not deny the petitioner's application for permission to appeal until March 20, 2006—more than one month later. *See State v. Allen*, 2005 WL 2739288 (Tenn. Mar. 20, 2006).

[3] Rule 4(a) reads, in pertinent part:

> In an appeal as of right to the . . . Court of Criminal Appeals, the notice of appeal . . . shall be filled with and received by the clerk of the trial court within 30 days after the date of entry of the judgment
> (continued...)

state appellate court to exercise its discretion on behalf of the petitioner. One circumstance that might sway the appellate court to grant a waiver is the trial court's supposed error in calculating the filing deadline for the petitioner's post-conviction petition. A waiver might also be found justified because, under state law, a post-conviction petition filed during the pendency of a direct appeal, as was the petitioner's, is considered to be premature—not untimely.

### III. Law and Analysis

As a precondition to habeas corpus relief, a petitioner must demonstrate that he has exhausted all available state court remedies, or that there is an absence of state corrective process, or that resort to those remedies would be futile. 28 U.S.C. § 2254(b)(1). If there is any opportunity to raise a claim by any available state process, a petitioner must do so to satisfy the exhaustion requirement. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). A federal district court must dismiss a mixed habeas petition–one which contains both exhausted and unexhausted claims.[4] *Pliler v. Ford*, 542 U. S. 225, 230 (2004) (citing *Rose*

---

[3](...continued)
appealed from; however, in all criminal cases the "notice of appeal" document is not jurisdictional and the filing of such document may be waived in the interest of justice.

Tenn. R. App. P. 4(a).

[4] Unexhausted claims are those claims which may still be presented to state courts for disposition. Exhausted claims are those which have been raised in one complete round of state court review. The petitioner's second and third habeas claims, the respondent asserts, have been exhausted—the former by means of a procedural default and the latter by offering it for review before the appropriate state courts.

*v. Lundy*, 455 U.S. 509, 510, 522 (1982)). However, dismissing a mixed petition filed close to the expiration of the one-year statute of limitations in § 2244(d)(1) might cause a petitioner to lose his opportunity for habeas corpus relief forever because the limitations statute could prevent him from refiling his federal petition once the claims have been exhausted.[5] This situation also arises when a court determines, only after the lapse of the limitations statute, that a § 2254 petition contains unexhausted claims along with exhausted ones.

The Sixth Circuit, recognizing this dilemma, has instructed district courts to use a "stay and abate" procedure, whereby the exhausted claims are stayed; the unexhausted ones are dismissed without prejudice; the petitioner is given a brief interval (typically, 30 days) from the dismissal to return to state court with those claims; and he is also afforded a similarly brief interval (again, normally 30 days) to refile his habeas corpus petition after the state court decides those claims. *Griffin v. Rogers*, 399 F.3d 626, 628 (6th Cir. 2005) (citing *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002)).

The Supreme Court also has endorsed a limited stay-and-abate procedure in such a situation. Under *Rhines v. Weber*, 544 U.S. 269 (2005), a post-*Palmer* case, a federal court is authorized to stay and abate a mixed habeas corpus petition, but only if the petitioner shows good cause for failing to exhaust his claim in the state courts. *Id.*, at 277 ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was

---

[5] The filing of a federal habeas corpus petition does not suspend the running of the one-year statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

good cause for the petitioner's failure to exhaust his claims first in state court.") However, even if good cause is shown, a stay should not issue where a petitioner's claims are meritless and he has intentionally engaged in dilatory tactics. *Ibid*.

There are two problems in applying to the petitioner's case the stay-and-abate procedure described in *Palmer* with the *Rhines* overlay. First of all, though the petitioner's failure to appeal the dismissal of his post-conviction petition appears to be nothing more than a garden-variety type of procedural default,[6] there is also the matter of whether an available state court remedy truly exists. The habeas corpus statute provides that a petitioner "shall not be deemed to have exhausted the remedies available in the court of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(b)(3). This petitioner has no *right* to raise [or, in this case, to appeal] his claim of ineffective assistance of counsel. Instead, under Tenn. R. App. P. 4(a), the higher state court has the *discretion* to waive timely notice of appeal and to allow the claim to proceed.

Also, while the state appellate rule of procedure provides a possible remedy for a petitioner whose notice of appeal has been filed late, the petitioner here, unlike the

---

[6] According to the procedural default rules, a petitioner's failure to raise a claim on appeal in compliance with state law requirements constitutes a procedural default. *See Murray v. Carrier,* 477 U.S. 478 (1986); *Reed v. Ross,* 468 U.S. 1 (1984) (same). Federal review is foreclosed unless the habeas petitioner can show cause to excuse his failure to comply with the state procedural rule and actual prejudice resulting from the alleged constitutional violation. *Coleman v. Thompson,* 501 U.S. 722, 732 (1991). As noted, the respondent's motion to dismiss is also based on the alleged procedural default of the ineffective-assistance claim.

5

petitioner in *Anderson* whose notice of appeal was some twelve days late, has not submitted *any* notice of appeal from the post-conviction court's dismissal order, much less a belated one. Moreover, in his post-conviction pleading, the petitioner attributed any failure to appeal [during direct review] to his own misgiving about the fairness of the judicial system. [Doc. 1, Attachment, Petition for Relief from Sentence or Conviction at p. 4, ¶ 13(d) ( "because i know it's a waste of time to get courts to investagate [sic] they own courts"). It is unlikely that this response bodes well for obtaining a discretionary waiver of a yet-to-be-filed notice of appeal.

The second problem is that the petitioner himself has not invoked the stay-and-abate procedure. Instead, it is the respondent who has interposed the issue of a stay. And, it is noteworthy that, even after the respondent advanced the issue, the petitioner did not request a stay of his petition.

Nevertheless, assuming, without finding, that this petition contains both unexhausted and exhausted claims, a dismissal of this (presumed) mixed petition more than likely would result in the loss of all claims raised within, including any exhausted ones, because the limitation period in § 2244(d), which was not tolled by the pendency of this petition, *see Duncan*, 533 U.S. at 172, has now expired. Because of the harshness of such a result, the better course of action is to offer the petitioner an opportunity to request a stay and to satisfy the *Rhines* factors.

## IV.  Conclusion

Accordingly, the petitioner will be allowed **thirty (30) days** from the date of this order in which to request a stay and, if he chooses so to do, to show good cause for failing to exhaust his claim of ineffective assistance in state court; to show that his claim is not meritless; and to demonstrate that he has not been dilatory or has not engaged in abusive litigation tactics.  If he fails to respond to this order in a timely and complete fashion, the Court will proceed to rule on the pending motions and will "dispose of the matter as law and justice require."  28 U.S.C. § 2243.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge