UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

RONALD L. ALLEN, TDOC #356042 )
)
v. ) No. 2:06-CV-98
)
TOMMY MILLS, Warden )

# MEMORANDUM

Ronald L. Allen brings this *pro se* petition and supplemental petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his confinement under a state court judgment of conviction. [Docs. 1, 5]. This matter is now before the Court upon respondent's motion to dismiss and for summary judgment, which is supported by a brief. [Docs. 10, 11].

## I. Procedural Background

In 2003, the petitioner was convicted by a jury in the Criminal Court for Washington County, Tennessee for rape of a child. For this offense, he was sentenced to twenty-five (25) years imprisonment. He sought direct review in the Tennessee Court of Criminal Appeals, which affirmed his conviction but altered his sentence to twenty-three (23) years. *See State v. Allen*, No. E2004-01308-CCA-R3-CD, 2005 WL 623245 (Tenn. Crim. App. Mar. 17, 2005). An appeal to the Tennessee Supreme Court resulted in a remand to allow the state appellate court to reconsider its sentence-modification ruling in light of new authority. Upon remand, the original sentence was affirmed, and the state's highest court declined further review. *State v. Allen*, No. E2005-02347-CCA-RM-CD, 2005 WL 2739288

(Tenn. Crim. App. Oct. 24, 2005), *perm. to app. denied* (Tenn. 2006).

According to the exhibits attached to his § 2254 application, the petitioner filed a post-conviction petition. The petitioner seemingly conceded that his post-conviction case was filed outside the statute of limitations by arguing that his claim should not be time-barred "because lawyer didn't file till i [sic] wrote him and asked for a copy," and that, had he had known of his counsel's inaction, he (petitioner) would have filed the case himself. The case was dismissed as untimely and, in the order of dismissal, the trial court characterized the post-conviction petition as "somewhat incomprehensible," pointing out, *inter alia*, that the pleading had alleged two different conviction dates (December 12, 2002, as well as March 11, 2003).[1]

Because the petitioner's habeas corpus submissions did not contain the information necessary to conduct the preliminary review mandated in the habeas corpus rules, *see* Rule 4, Rules Governing § 2254 Cases, including whether he had sought review of the post-conviction court's dismissal order, and because it could not be determined whether the claims raised in the § 2254 petition had been procedurally defaulted or exhausted, the Court directed the respondent to answer or otherwise respond to the petition. The response which was submitted consists of the dispositive motion.

---

[1] The trial court entered its order dismissing the post-conviction petition on February 6, 2006, citing to the post-conviction statute, which sets a filing deadline of one year of the date of the final action of the highest state appellate court to which an appeal is taken. *See* Tenn. Code. Ann. § 40-30-202(a). However, the Tennessee Supreme Court did not deny the petitioner's application for permission to appeal on direct review until March 20, 2006—more than one month later. *See State v. Allen*, 2005 WL 2739288 (Tenn. Mar. 20, 2006).

## II. Discussion

The § 2254 application asserts three grounds for relief. The respondent seeks dismissal of the first and third grounds and summary judgment on the second one. [Doc. 10]. In support of his motions, the respondent has submitted copies of the state court record. [Doc. 11, Addenda 1-10]. For the reasons below, the motion to dismiss and for summary judgment will be **GRANTED**, and the petition will be **DISMISSED**.

A. **Motion to Dismiss**

The first ground advanced in this petition is ineffective assistance of counsel. The petitioner's specific allegations are that his court- appointed attorney, Ivan Lilly, did not come to see him at all; did not investigate the case; and "show[ed] no action" in his defense. [Pet., ¶ 12, Ground One]. In his state petition for post-conviction relief, he asserted that he was denied the effective assistance of counsel in that "the lawyer went out of his way to help convict [him], allowing incredible witnesses." The post-conviction application was denied by the trial court, and no further state court review was sought.[2]

The respondent argues, in his motion, that this claim is due to be dismissed for one of two reasons. First, he suggests that there might be a state court avenue through which petitioner could present his ineffective-assistance claim to the state appellate court. If the Court finds that there is such a remedy, then the claim should be dismissed without prejudice

---

[2] In his motion, respondent maintains that his attorney was informed by the office of the clerk of both the state trial and appellate courts that they have no record of a notice of appeal filed by or on behalf of petitioner. [Doc. 11, Resp.'s Summary Judgment Motion at 3 n.2].

3

for failure to exhaust state remedies since petitioner could return with his claim to the Tennessee Court of Criminal Appeals to seek redress and, thereby, exhaust the claim..

   1. *Exhaustion Issue [Ground One]*

As a precondition to habeas corpus relief, a petitioner must demonstrate that he has exhausted all available state court remedies, or that there is an absence of state corrective process, or that resort to those remedies would be futile. 28 U.S.C. § 2254(b)(1). A federal district court must dismiss a mixed habeas petition–one which contains both exhausted and unexhausted claims.[3] *Pliler v. Ford*, 124 S.Ct. 2441, 2445 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). However, under *Rhines v. Weber*, 544 U.S. 269 (2005), a federal court is authorized to stay and abate a "mixed" habeas corpus petition filed close to the one-year statute of limitations in 28 U.S.C. § 2244(d), like this one, but only if a petitioner shows good cause for failing to exhaust his claim in the state courts. *Id.*, at 277. A petitioner must also demonstrate that his claims are not meritless and that he has not intentionally engaged in dilatory tactics. *Ibid*.

As noted, though the post-conviction application which was dismissed as untimely contained a claim of ineffective assistance, petitioner did not appeal that dismissal. In a previous order, after concluding that it might be appropriate to apply the stay-and-abeyance procedure to this instant petition, the Court afforded petitioner an opportunity to satisfy the *Rhines* requirements. [Doc. 20, Order of April 23, 2007]. He has not availed

---

   [3] Unexhausted claims are those claims of constitutional error which may still be presented to state courts for disposition.

himself of that opportunity, to wit, he has not requested a stay; has not shown good cause for failing to exhaust this claim in state courts; has not shown that his ineffective-assistance claim is potentially meritorious; and has not demonstrated that he has not been intentionally dilatory in pressing his claim. Accordingly, the Court finds that, though the claim was not exhausted in the state courts, it cannot now be offered to those courts since petitioner has no state court remedies left to exhaust.

    2. *Procedural Default [Grounds One & Three]*.

This leads to respondent's second argument for dismissal. Respondent maintains that petitioner's habeas claim of ineffective assistance of counsel has been procedurally defaulted. This is so because the state court record does not show that petitioner sought review of the post-conviction court's decision in the Tennessee Court of Criminal Appeals and because the thirty-day period allotted for filing a notice of appeal under state law, *see* Tenn. R. App. P. 4(a), has now expired and would bar his return to the state courts.

A failure to raise a claim on appeal constitutes a procedural default. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Reed v. Ross,* 468 U.S. 1 (1984). Petitioner maintains, in his habeas pleading, that he offered this claim as a ground for post-conviction relief; that he received a hearing on his petition in case number 27518; that the trial court issued an unfavorable decision on October 27, 2005; and that he appealed the decision to the Tennessee Court of Criminal Appeals and also filed a Rule 11 application for permission to appeal to the Tennessee Supreme Court.

However, the state court documents petitioner himself has submitted show otherwise. According to those documents, petitioner's post-conviction case number was 32221, not 27518. His criminal case number was 27518. The documents also reveal that, on direct review, the state appellate court granted him relief on a sentencing issue, but that, upon remand from the state supreme court, the state appellate court reconsidered that issue and affirmed the trial court in a judgment entered on October 24, 2005. Apparently, in his § 2254 application, petitioner has confused his direct review proceedings with his post-conviction case. Clearly, it would have been impossible to appeal the post-conviction court's order on October 27, 2005, as petitioner insists, since it was not even issued until February 16, 2006. In any event, petitioner's failure to present to the state appellate court his claim of ineffective assistance constitutes a procedural default on his part.

Respondent also seeks dismissal of petitioner's third ground. In this claim, petitioner argues that the district attorney "made it as if [petitioner] gave [the victim] a [sic] S[exually] T[ransmitted] D[isease]," but that four tests—including the last on April 12, 2006—have shown that he does not have an STD. The Court infers, as did respondent, that petitioner is implying that the prosecutor engaged in misconduct by making it appear as though he did have such a disease. Respondent suggests that this claim too has been procedurally defaulted because it was never offered to the state courts.

A petitioner who has failed to present a claim in the state courts, in accordance with state requirements, and who is now barred by a state procedural rule from returning to

6

those courts to present the claim, has met the technical requirements of exhaustion (i.e. there are no state remedies left to exhaust) and is deemed to have exhausted his state remedies, but to have done so by way of a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

On his direct appeal, petitioner asserted (1) insufficient evidence; (2) trial court error by permitting the minor victim to be asked leading questions; (3) excessive sentence under state law; and (4) a sentencing error under *Blakely v. Washington*, 542 U.S. 296 (2004). There was no allegation of prosecutorial misconduct in connection with the STD issue and, therefore, by failing to offer ground three to the state courts, petitioner has procedurally defaulted it.

A petitioner who commits either type of procedural default forfeits the right to federal habeas corpus review, unless he can show cause for his non-compliance and actual prejudice as a result of the claimed constitutional violations, *Engle v. Isaac*, 456 U.S. 107, 129 (1982), or can demonstrate that he is actually innocent so that the failure to review his claims will result in a fundamental miscarriage of justice. *Murray,* 477 U.S. at 495-96.

Petitioner has made no such a showing and, thus, he cannot obtain habeas corpus review of either ground one or ground three.

B. **Motion for Summary Judgment**

Summary judgment may be granted only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ.

P. 56(c).

In moving for summary judgment, respondent maintains that, though petitioner never offered the state courts the precise claim that "Cop, Brian Rice lied about everything,"[4] by raising a similar claim in the context of a challenge to the sufficiency of the evidence, petitioner arguably exhausted it. Even so, according to respondent, he is still entitled to summary judgment under the "adjudicated claims" standards of review in 28 U.S.C. § 2254.

As respondent recognizes, a state court's decision rejecting a claim on its merits may not be disturbed unless the resulting state-court decision is contrary to, or an unreasonable application of clearly established federal law or is based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. §§ 2254(d)(1) and (2).

In its opinion on direct review, the Tennessee Court of Criminal Appeals summarized the evidence, indicating that petitioner

> "admitted to Investigator Rice that he penetrated the victim's vagina with his penis, but claimed that the contact was initiated by the four-year-old victim. At trial, the [petitioner] denied admitting the penetration to Investigator Rice, claiming that he signed the statement without reading the content. There was no evidence that the victim had contracted the virus from any other source."

---

[4] The allegations of fact presented to support this claim are that "[Rice] said he put in a tape knowing he wasn't taping the confession and he had [petitioner] sign it and said he read it to [petitioner]. He also stated that he read [petitioner his] rights when that he came to [petitioner's] job and asked [him] to sign a paper that was a year befor[e his] arrest." [Doc. 1, Pet. at 7, GROUND TWO (a)].

*State v. Allen*, No. E2004-0138-CCA-R3-CD, 2005 WL 623245, *3 (Tenn. Crim. App. Mar. 17, 2005). After observing that the jury was free to accredit or reject a witness's testimony in reaching its verdict, that court found that the evidence was sufficient because, under *Jackson v. Virginia*, 443 U.S. 307 (1979), a rational trier of fact could have found the essential elements of the crime of child rape beyond a reasonable doubt.

As the state court indicated, the rule which applies to a claim of insufficient evidence is contained in *Jackson v. Virginia*, 443 U.S. 307 (1979), *see Gall v. Parker,* 231 F.3rd 265, 287-88 (6th Cir. 2000), which holds that evidence, when viewed in the light most favorable to the prosecution, is sufficient if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 319. The state court correctly identified *Jackson* as the source of the relevant legal precedent.

Insofar as the Court can discern, this issue primarily involves two competing versions of the circumstances surrounding petitioner's confession and the jury's obvious acceptance of Investigator Rice's testimony. A jury is free to choose which version of a contested issue is true. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

In view of all the proof in the record, and because this issue is one of credibility, the state court's resolution of this claim was not an unreasonable application of the *Jackson* standard nor based on an unreasonable determination of the facts. Since the

petitioner's claim of insufficiency of the evidence does not pass either of § 2254(d)'s tests, it will be dismissed.

### III. Conclusion

For the reasons discussed above, respondent's motion to dismiss and for summary judgment will be **GRANTED** and this case will be **DISMISSED**.

One final matter remains for discussion: whether to issue a certificate of appealability (COA) should petitioner file a notice of appeal. *See* 28 U.S.C. § 2253(c)(1). Petitioner qualifies for issuance of a COA if he has made a substantial showing of the denial of a constitutional right; he makes such a showing by demonstrating that reasonable jurists might question the correctness of the Court's procedural rulings or its assessment of his constitutional claims. *See Slack v. McDaniel,* 529 U.S. 473 (2000).

The Court has assessed petitioner's claims under the relevant standards and finds that they do not deserve to proceed further because they have no viability in light of the governing law and jurists of reason would not conclude the Court's disposition of those claims was debatable or wrong. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA will not issue.

ENTER:

s/ Leon Jordan
United States District Judge